Judge Maksiiall
delivered tile opinion of the Court.
An execution in favor of David Brandenburg against 0. Tracy having been replevied by Tracy, with Hulse and Joseph Brandenburg as his sureties, was afterwards enjoined by Tracy on a bill in equity, in which he made his two replevin sureties defendants. M. Flynn was the surety in the injunction bond. The injunction was dissolved with damages, and Tracy in the meantime having become insolvent and conveyed his property to be applied to payment of his debts, M. Flynn or his administrator was compelled to pay the judgment on the injunction bond, including the amount due on the replevy bond with costs and damages. The present bill, filed by Flynn’s administrator, seeks to make the sureties in the replevy bond, of whom Joseph Brandenburg alone is now solvent, reimburse him, or contribute to his reimbursement, for the payment thus made. The bill also alleges that the executors of David Brandenburg, the original creditor, had received more than $100 under a decree distributing the proceeds of Tracy’s property conveyed as above mentioned, and that said sum should go, or should have gone, to the credit of the debt on the replevy bond; and he prays a decree for the- amount against said executors who are made parties. It appears, however, that within two months after the bill was filed, and before the]executors were served with process, the sum referred to, which had not actually come to the hands of the executors, but had been received by another for them, was paid to the complainant, and it does not appear that it ever was refused.
A «ntely in an injunction bond enjoining a judgment which had been replevied, has no claim upon a surety in the replevy bond, ior contiibiition after payment of the debt, when he became surety in the injunction at the instance of the principal alone, and not the surely in the reply bond.
A surety in a replevy bond is not a co surety with a surety in an injunction bond, and is not /table to contribution to him.
Before the injunction was obtained by Tracy an execution on the replevy bond had been levied on his land and other property, the sale of which was directed by the creditor to be postponed until further orders, and in two months afterwards, and before a sale was made, the execution was stayed by the injunction. It was agreed as a fact in this case, that at the date of the the injunction, Tracy’s property was sufficient to pay the debt.
On the hearing, the Court decreed that Joseph Brandenburg should pay to the complainant $74 with interest, and the costs of the suit, and there was no decree against Ilulse. To reverse this decree, Joseph 'Brandenburg prosecutes a writ-of error, claiming that the bills hould have been dismissed as to him, and the complainant by cross error complains that the decree is erroneous in not fully reimbursing his payment of the re-plevy bond, &c,, and also in not decreeing costs against the executors of David Brandenburg.
The complainant’s claim seems to be based upon a wrong application or improper extention of the principle that when a surety pays the debt he is entitled to the benefit of such securities for it as the creditor held, or else upon the principle that the surety iu the injunction bond was substantially but a co-surety with the sureties in the replevy bond which was enjoined and eutitled to contribution from them, or upon the idea that the injunction surety was the surety not only of principal but also of the sureties in the replevy bond. The decree was probably founded upon the idea that, all being substantially sureties for the same debt, all should be regarded as co-sureties, and therefore that anyone who, by the insolvency of the principal/ has been compelled to pay, may require the others, or such as are-'solvent, to contribute so as to equalize the loss.
It is not even alleged that Flynn became bound in the injunction bond at the request of either of the sureties in the replevy bond, or that the injunction was obtained at their instance or with their assent. And it *399 is certain that it operated to their injury by prolonging their responsibility and subjecting them to hazard from which they would otherwise have been relieved by the sale of the property of their principal, then under levy for the purpose. There is no pretence for saying that Flynn was surety for them. And although he made himself conditionally responsible for the same debt for which they were bound, yet, as bis obligation is conditional, while theirs is direct, as his obligation is more extensive than theirs, as it was entered into not only after the date of theirs but obviously in aid of the principal alone, for a purpose in which they did not concur, and with the probable effect of injury to them, he cannot, as we think, be regarded in any just sense as a co-surety with them. It is for the purpose of doing equity that the chancellor regards all persons who are bound, though by different instruments executed at different times, for the same debt or duty of the same individuals, as co-sureties bound to contribute to any loss which either may sustain. The facts of this case prove that the application of the principle here would be inequitable. But the particular facts of this case are not necessary to take, it out of a rule which might otherwise embrace it. We know' of no case in which, on the ground either of contribution among co-sureties or of substitution to the securities of the creditor, a subsequent surety coming in aid of the debtor alone, without the request or concurrence of the original sureties, and in the regular course of the remedy for coercing the debt from him alone, or for the purpose of obstructing its collection by his own separate proceeding and for his own benefit, has obtained in equity either partial or full reimbursement from the prior sureties.
On the contrary the prior surety has a right to be substituted to the right of the creditor against the subsequent surety to the full amount which he may be compel led to pay.— Parse,:s vs Brid-dock, 2 Vernon, 603; 5 Damn,244; 2 B. Mon. 305; 12 ibid.;
*399 On the contrary, the doctrine established by the adjudged cases, and as we think in conformity with the true principles of equity, is that, if under such circumstances the prior surety is compelled to pay the debts, he thereby becomes entitled by substitution to the rights of the creditor against the subsequent surety to the *400 whole extent of the payment made and of the obligation of the subsequent surety. Which precludes all right on the part of the subsequent surety, should the debts be coerced from him, to claim reimbursement from the prior surety. The cases of Parsons vs Briddock, (2 Vernon, 603;) Patterson vs Pope, (5 Dana, 244;) Kouns vs Bank of Kentucky, (2 B. Monroe, 305;) Bohannon vs Combs, (12 B. Monroe,) and other cases, establish or recognize the doctrine above stated, and sufficiently illustrate the principles on which it rests, and its applicability to the present case. We content ourselves, therefore, with the conclusion, that on principle and on the authority of the cases referred to, the complainant was entitled to nothing against either of the sureties in the replevy bond, but the bill as to them should have been dismissed. And, as there appears to have been no necessity for bringing the executors of David Brandenburg before the Court for the purpose of compelling payment of the sum received from the assets of Tracy on account of this debt, and which the complainant received before.service of process, the cross errors assigned by Flynn’s administrator are wholly unavailable.
Huston Sp Hanson for plaintiff; Smith for defendant*
Wherefore, on the writ of error of Joseph Brandenburg, the decree is reversed, and the cause remanded, with directions to dismiss the bill with costs.