Friberg v. Donovan.

JOHN FRIBERG ET AL.

v.

JAMES H. DONOVAN.

*Principal and Surety—Appeal—Subrogation—Pleading—Evidence—Admissions of Deceased Principal.*

1. Where a judgment against a principal debtor and his surety has been appealed by the former without the consent of the latter, the surety upon payment of the judgment is equitably entitled to be subrogated to the rights of the judgment creditor against the surety on the appeal bond.

2. In the case presented, it is *held:* That, although the allegation of suretyship in the bill should have been more specific and definite, the bill and amended bill considered together sufficiently support the decree in favor of the complainant, especially in view of an admission contained in the answers; that the representatives of the judgment creditor and the principal in the appeal bond were not necessary parties; that it is to be presumed the court disregarded certain incompetent evidence; and that certain declarations of the principal in the appeal bond. who was deceased, were properly admitted.

[Opinion filed May 27, 1887.]

APPEAL from the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. C. R. STARR, for appellants.

The decree of this case undertakes to subrogate the complainant to the rights of S. A. Barry, the plaintiff in the judgment, and obligee in the appeal bond. John Friberg and Otto Johnson were sureties on the appeal bond, but were not parties to the judgment. The liability, if any, grows out of the obligation assumed in the bond, and not otherwise.

"To the extent and in the manner and under the circumstances pointed out in his obligation he is bound, and no further." Miller v. Stewart, 9 Wheat. 680; People v. Tompkins, 74 Ill. 482.

The bond limits the obligation to a judgment which is rendered and which may be rendered against J. W. Johnson alone, namely, costs and damages in the Supreme Court; all of which being paid are not claimed in the bill. Brandt on Suretyship, Sec. 396, p. 537; Ovington v. Smith, 78 Ill. 250.

The suit should have been brought against all the parties to the bond. They were all jointly and severally bound. An action could not be maintained against two of them. The suit must be against one or against all. Phillips v. Singer Mfg. Co., 88 Ill. 305; Cummings v. People, 50 Ill. 132.

Messrs. KAY & EUANS and TRACY B. HARRIS, for appellee.

"It is well settled, that if the interposition of the second surety is for the benefit of the principal alone, without the sanction or assent of the first surety, who may be prejudiced thereby, as when the effect of a second bond is to prevent the enforcement of present payment from the principal and thus prolong the responsibility of the first surety, in such case the equity of the first surety is superior, and he is entitled to be subrogated to the rights of the creditor against the second." Hartwell v. Smith, 15 Ohio St. 200.

If principal and surety are liable for a debt, and judgment is secured against the principal, from which he appeals, and

gives an appeal bond with surety, the liability of such latter surety is a fund to which the original surety has a right to look for the payment of the debt, and release of surety on appeal bond would discharge the original surety to the extent that he is injured thereby. Brandt on Suretyship, Sec. 395, p. 536; Barnes v. Mott, 64 N. Y. 397; Lewis v. Armstrong, 47 Ga. 289.

The first surety has a right to be subrogated to the creditor's rights against the subsequent surety and may collect the whole amount paid from the subsequent surety. Brandt on Suretyship, Sec. 227, p. 319.

Johnson, being insolvent, was not a necessary party. This is the uniform doctrine in equity when the object sought is a pecuniary contribution only. Johnson v. Vaughn, 65 Ill. 425; Brandt on Suretyship, Sec. 256, p. 347; Story's Eq. Pl. Sec. 169.

Johnson being dead, a suit upon the appeal bond by Barry could only be prosecuted against the survivor. Cummings v. People, 50 Ill. 132; Bostwick v. Williams, 40 Ill. 113; Conover v. Hill, 76 Ill. 342.

The general rule is stated as follows: "A declaration is deemed to be relevant if the declarant had peculiar means of knowing the matter stated, if he had no interest to misrepresent it, and if it was opposed to his pecuniary or proprietary interest. Stephen's Digest of Law of Evidence, 81; Taylor v. Gould, 57 Pa. St. 152; Pearse v. Jenkins, 10 Ired. L. 355.

BAKER, J. The claim of Donovan, appellee, is that he was security for N. A. Beisecker and John A. Johnson, firm of Beisecker & Johnson, on a promissory note executed to Samuel A. Barry; and that Barry brought suit thereon, and there being no service on Beisecker, recovered judgment against said Johnson and appellee, from which Johnson appealed to the Supreme Court, where the judgment was affirmed, and afterward paid by appellee, an execution having been levied upon his property. Appellee filed this bill against John Friberg and Otto Johnson, securities on the appeal bond, asking to be subrogated to all the rights of Barry, plaintiff in the judgment

and obligee in the appeal bond; and Otto Johnson having died pending the suit, his administrator and heirs were substituted as defendants in his stead, and upon a hearing, decree was rendered in favor of appellee, and Friberg appealed to this court.

The rule is that where the judgment had been appealed by the principal debtor without the consent of the security, and the security has afterward paid the judgment, then such security has an equitable right to be subrogated to the rights of the judgment creditor against the security on the appeal bond. The leading case is Parsons and Cole v. Briddock, 2 Vernon, 608. See also Wright v. Morley, 11 Vesey, Ch. 22; Bohannon v. Combs, 12 B. Mon. 563; Brandon v. Flynn, 12 B. Mon. 397; Chaffin v. Campbell, 4 Sneed, 191; and notes of Hare and Wallace to Dering v. Winchelsea, 1 Lead. Cas. in Eq. 78. The doctrine established by the authorities seems to be, broadly stated, that where one is bound as security for a debtor, and the creditor brings suit against the principal, and the latter in the course of the legal proceedings gives a bail bond, or prison bounds bond, or appeal bond, or injunction bond, with surety, then the original security for the principal debtor, upon paying the debt, has the right to enforce the obligation of any or either of such bonds for his own full indemnity, against the surety in the bond.

It is objected that there is no allegation in the bill that Donovan was a surety for Beisecker & Johnson upon the promissory note. The original bill is quite inartificially drawn, and there is therein no direct averment of that fact, and it appears, if at all, merely by implication. In an amendment to the bill filed in 1884, it is stated that in this original bill " your orator showed that before that time he had signed a promissory note as security for one John W. Johnson and one N. A. Beisecker, payable to one Samuel A. Barry," etc. The averment of suretyship should have been, as a matter of good pleading, more specific and definite; but we think the bill and amended bill when taken and considered together are sufficient to support a decree, especially so in view of the several answers of the defendants which aver that it is " stated

in said bill that said complainant signed a note with said Beisecker & Johnson as surety, on the 25th day of June, 1875, for the sum of $450.40, payable to one Samuel A. Barry, one day after date, with ten per cent. interest." This seems to be a plain admission that the fact Donovan was a surety was sufficiently averred in the bill.

It was not necessary that the administrator and heirs of Samuel A. Barry, deceased, should have been made parties to the bill, for the Barry judgment had been collected on execution from appellee and paid in full to the administrator, and therefore neither he nor the heirs had any interest in the subject-matter of the litigation.

The principal in the appeal bond, John W. Johnson, was wholly insolvent at the time the bill was filed, and died insolvent, several years before the hearing. He was not a necessary party to the bill. The appeal bond was a joint and several bond. The rule is stated in section 169 of Story's Equity Pleadings to be, that in the case of a joint and several bond, if one of the obligors, either a principal or a surety, is insolvent, he need not be made a party. And this rule was recognized in Johnson v. Vaughn, 65 Ill. 425, where one of the Lynams was the principal and others of the Lynams were co-securities, and it was held that the Lynams, all being insolvent, were not necessary parties to the bill.

There was probably some incompetent testimony introduced tending to prove that the relation of appellee to the promissory note was that of a security for Beisecker & Johnson, but the evidence of the statements and declarations of John W. Johnson, deceased, if admissible, amply established the fact of such suretyship, and it would be presumed that the court disregarded the incompetent testimony. One of the exceptions to the rule excluding hearsay evidence is the case of declarations of a deceased person having peculiar means of knowing a fact, made against his pecuniary interest, the law being that such declarations are admissible even in suits in which neither such deceased person nor those claiming under him was or is a party, provided such deceased person could have been examined in regard to the matter in his lifetime.

The leading cases in Higham v. Ridgway, 10 East, 109; Sussex Peerage Case (House of Lords), 11 C. & F. 85; Taylor v. Gould, 57 Penn. St. 152; 1 Greenleaf on Evidence, Sec. 147, *et seq.;* 1 Wharton's Law of Evidence, Sec. 226, 232, etc. In Sec. 181, 1 Greenleaf on Evidence, it is said : " In some cases, the admissions of third persons, strangers to the suit, are receivable. This arises when the issue is substantially upon the mutual rights of such persons at a particular time ; in which case the practice is, to let in such evidence in general as would be legally admissible in an action between the parties themselves." In the case at bar it appears, *aliunde* the declarations, that John W. Johnson was dead, that the statements were about a matter peculiarly within the knowledge of the deceased, that he had no interest to misrepresent the fact, and that the admissions were opposed to his pecuniary interest, he himself being one of the makers of the note. Our conclusion is, that proof of the admissions of said Johnson was properly received. We deem it unnecessary to consider in detail the numerous other objections to the decree urged by appellant ; suffice it to say that in our opinion none of the points made justify a reversal. The decree of the Circuit Court is affirmed.

*Affirmed.*