# Railway Officials & Employees' Accident Association v. Kate R. Coady.

1. ADMISSIONS—*Of Third Persons, When Admissible.*—In some cases the admissions of third persons, strangers to the suit, are admissible, but this is so when the issue is substantially upon the mutual rights of such persons at a particular time; in which case the practice is, to let in such evidence in general as would be legally admissible in an action between the parties themselves.

2. ACCIDENTS—*Death by—Questions of Fact.*—The question as to whether a person died from accidental causes is one of fact, to be determined the same as other questions of fact.

3. INSURANCE—*Contracts of—Construction.*—All contracts of insurance are to be liberally construed in favor of the insured so as not to defeat, without a plain necessity, his claim to the indemnity which, in making the insurance, it was his object to secure; and when the words used are without violence, susceptible of two interpretations, that which will sustain his claim and cover the loss must in preference be adopted.

**Assumpsit.**—Trial in the Circuit Court of Champaign County; the Hon. FRANCIS W. WRIGHT, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

GERE & PHILBRICK, attorneys for appellant.

Where the evidence tends to prove a certain state of facts the party in whose favor it is given has the right to have the jury instructed on the hypothesis of such state of facts, and leave it to the jury to find whether the evidence is sufficient to establish the facts supposed in the instruction. Kendall v. Brown, 74 Ill. 232; T. U. & Co. v. W. U. Tel. Co., 60 Ill. 421.

One of the exceptions to hearsay evidence is the case of declarations of a deceased person having peculiar means of knowing a fact, made against his pecuniary interest, the law being that such declarations are admissible, even in suits in which such deceased person or those claiming under him, was or is a party, provided such deceased party could have been examined in regard to the matter in his lifetime. Friberg v. Donovan, 23 Ill. App. 58–62; Drabek v. G. L. B. S. Society, 24 Ill. App. 82; 1 Greenleaf on Ev., Sec. 147, *et seq.;*

564    APPELLATE COURTS OF ILLINOIS.

VOL. 80.] Ry. Officials & Employees' Accident Ass'n v. Coady.

Higham v. Ridgway, 10 East, 109; Taylor v. Gould, 57 Penn. St. 152.

Where the accident is occasioned by disease there can be no recovery, though the immediate cause of the death may not have been the disease. Sharpe, Adm'x, v. Commercial Travelers' Ass'n, 139 Ind. 92; Commercial Travelers' Ins. Co. v. Fulton et al., 79 Fed. Rep. 423; 24 C. C. A. 654; Travelers Ins. Co. v. Selden, 78 Fed. Rep. 285; 24 C. C. A. 92; National Masonic Acc. Ass'n v. Shryock, 73 Fed. Rep. 774; 20 C. C. A. 3.

WOLFE & SAVAGE, attorneys for appellee.

The policy must be construed liberally so as not to defeat, without plain necessity, the insured's claim to indemnity, which in making the insurance it was his object to secure. Healey v. Mutual Accident Association, 133 Ill. 556.

The language of an insurance policy being that of the insurer, the provisions of the policy are usually construed most favorably for the insured in case of doubt or uncertainty. The policy must be liberally construed in favor of the insured, so as not to defeat, without plain necessity, his claim to the indemnity, which, in making the insurance, it was his object to obtain. A policy of accident insurance is issued and accepted for the purpose of affording indemnity against accidents and death caused by accidental means, and its language must be construed with reference to the subject to which it is applied. Healey v. Mutual Accident Association, 133 Ill. 556; Travelers' Insurance Co. v. Dunlap, 160 Ill. 642.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit by Kate R. Coady, the plaintiff, against the Railway Officials and Employees' Accident Association, the defendant, in which she recovered in the Circuit Court of Champaign County, a verdict and judgment for $1,026.52. The appellant prosecutes an appeal to this court and urges us to reverse that judgment

on the grounds that the verdict is against the evidence, the court refused to admit proper evidence offered by the defendant, and gave improper and refused proper instructions.

The declaration charged that the defendant, on the 26th of November, 1896, issued to John Coady, the husband of the plaintiff, a certain certificate of membership, or policy of insurance, in which it agreed to pay her $1,000 in case of the death of John Coady, resulting solely from physical bodily injuries, caused by accidental, external and violent means, not voluntarily inflicted; that John Coady complied with all the conditions therein contained up to the time of his death, which occurred June 18, 1897, as the sole result of external, violent and accidental means not voluntarily inflicted; and that the plaintiff was his widow and had given the defendant the notice and proof of the above facts as required by the terms of the said certificate or policy. A copy of the certificate or policy was attached to and made a part thereof. The defendant pleaded the general issue, upon which issue was joined and a trial by jury had, resulting in a verdict for the plaintiff as above stated.

The defendant admitted that a certificate or policy was issued as claimed in the declaration; that it was in force when John Coady died; that the plaintiff was his widow; that proofs of loss were made in due form, and were submitted to and received by the defendant in due time; and that the plaintiff waited the necessary time before commencing this suit. The certificate or policy contained, among other conditions, this provision: "This insurance shall not cover disappearances, nor injuries nor death for which there is no visible, external mark upon the body of the insured (the body itself in case of death not being deemed such mark); nor death nor injury resulting from or attributed partially or wholly, directly or indirectly, by or in consequence of any of the following causes: diseases or bodily infirmity; * * * "

The evidence shows that John Coady, at the time of his death, on June 18, 1897, was in the employ of the "Big Four Railroad Company" at Urbana, Illinois, as flagman

566 ·APPELLATE COURTS OF ILLINOIS.

Vol. 80.] Ry. Officials & Employees' Accident Ass'n v. Coady.

and freight handler in its yards and freight house; that he had been so employed for several years before that time, and that for the last year of his life he was somewhat afflicted with a cough which seemed to come from his lungs, and at times, when exercising very freely, he suffered somewhat with shortness of breath, but was able to perform with satisfaction to his employer, all his duties as such flagman and freight handler.

The evidence further shows that on June 18, 1897, John Coady, after working up to 5 o'clock P. M., was sent by the agent of the " Big Four Railroad Company " to take the freight mail from the freight house, situated on the north side of the tracks in Urbana, to the passenger depot, about two and a half blocks distant, and south of the tracks. In going, he ran, to avoid a severe storm that seemed then about to commence, taking his dinner pail in one hand and the package of mail in the other, and when he had run a considerable distance along the tracks, he was seen to stumble, throw up his hands, fall and strike his side against one of the rails, and then roll on the ground. His dead body was found, almost immediately after he fell, lying across the rails, the blood oozing freely from his mouth and nose. There is a sharp conflict in the evidence, however, as to whether or not any marks of external violence were visible upon his body—the witnesses for the plaintiff swearing that there were some bruises on his face and one on his right side, a little below the nipple, the latter being about three or four inches long and two inches wide; while the witnesses for the defendant swore there were none. The doctors who testified under the assumption that the facts were as above, stated that in their opinion it was almost impossible to tell what caused the breaking of the blood vessel, from which there was a hemorrhage causing death; that the exercise of running might have caused it, owing to the diseased condition of the lungs, indicated by the coughing and shortness of breath; or it might have been caused by an external blow received by the fall.

We have carefully examined all the evidence and find

that there is ample testimony in this record to support the verdict, and as it is the special province of the jury to settle questions of fact in cases of conflicting testimony, and when all the evidence is fully considered, we do not feel justified therefrom, in holding that the verdict is contrary to the evidence to such an extent that we ought to reverse the judgment for that reason.

On the trial the defendant offered in evidence a paper marked "Exhibit A," which was written in pencil and is as follows:

"CHAMPAIGN COUNTY, URBANA, ILLINOIS, June 18, 1897.

"We, the jury, sworn to inquire into the death of John Coady, do find upon our oaths that deceased came to his death due to hemorrhage of the lungs from natural causes. E. C. Johnson, foreman; J. S. Prose, Albert J. Busey, Chas. Duncan, John Nepper, F. M. Robbins."

On back of which appeared the following:

"Verdict of jury upon the body of John Coady, filed June 25, 1897. J. W. Porter, Circuit Clerk."

To the introduction of which, counsel for the plaintiff objected, for the reason that it was not an official verdict. The court ruled on the objection by saying: "The paper on its face is simply a pencil memorandum, signed by certain gentlemen who say they were sworn, but by whom it does not appear. There isn't anything on the face of the paper sufficient to identify it as proper to be made a record of the circuit clerk's office, and the objection will be sustained." To which ruling the defendant excepted; and now insists that the court committed error in not permitting the paper to go to the jury; but it seems to us that there was no error in this ruling, because, manifestly, the paper neither on its face nor from any proof then made or then offered to be made thereafter, showed it to be the verdict of a jury duly selected and sworn in view of the body of John Coady, deceased, as prescribed by law (Sec. 16, Chap. 31 R. S., S. & C. Ill. Statutes, 1896), so that the court properly sustained the special objection made thereto.

It is true the record shows that afterward the appellant did prove that, at the request of the agent of the "Big Four

568        APPELLATE COURTS OF ILLINOIS.

VOL. 80.]  Ry. Officials & Employees' Accident Ass'n v. Coady.

Railroad Co.," at Urbana, Dr. Sims, then police magistrate
of that place, held what is called by counsel for the appel·
lant, an inquest, in which it appears that a jury was called
and sworn, and that they examined the dead body of John
Coady and signed the paper called "Exhibit A," which Dr.
Sims took to the circuit clerk of Champaign county, and
which he filed in his office, but after this proof was made,
even if "Exhibit A" was then shown to be proper evidence
to go to the jury in this case, the record fails to show that it
was afterward offered in evidence.

The appellant further complains that the court refused
to permit the witness James Castrof, to tell that John
Coady had told him within a year of his death his lungs
were weak; while we believe that one of the exceptions
to the ordinary rule, excluding hearsay evidence is, "that a
declaration is deemed to be relevant if the declarant had
peculiar means of knowing the matter stated, if he had no
interest to misrepresent it, and if it was opposed to his
pecuniary or proprietary interest." Stephens' Digest of
Law and Evidence, 81.

Or. as stated in Greenleaf on Evidence, Vol. 1, Sec. 181,
to be as follows: "In some cases, the admissions of third
persons, strangers to the suit, are receivable. This arises
when the issue is substantially upon the mutual rights of
such persons at a particular time; in which case the practice
is, to let in such evidence in general as would be legally
admissible in an action between the parties themselves."
John Frieberg et al. v. James H. Donovan, 23 Ill. App. 58,
and cases therein cited.

But the declaration of John Coady, sought to be thus
shown, does not come, we think, within this exception to
the ordinary rule, for at the time he made the offered state-
ment, there is not shown to have existed between him and
the appellant such mutual rights as would make it against
the pecuniary interest of John Coady to say he had weak
lungs, for if it were true he did then have weak lungs, that
fact would not lessen in any way, the pecuniary interest
that John Coady then had in the certificate or policy sued

on in this case; since whether he then had or had not weak lungs, in nowise increased or diminished the amount of the premiums or assessments he had to pay thereon, nor prevented or enabled him to increase or decrease any benefits which would or could accrue to him under this certificate or policy.

As to the complaint of the appellant that the court refused to allow the witness, Dr. Sims, to answer this question, as counsel have it in their brief, "What would you say, Doctor, of a fall of that character, and the person falling over a rail and a healthy person, whether a fall of that kind would produce death?" we find the record shows the following questions put to Dr. Sims, his answers and the rulings of the court:

"Q. Doctor, suppose that a man running, and in running should throw up his hands in this position (indicating) and fall forward across a railroad, and then a few minutes after such a fall should be found dead with the blood oozing from his nose and mouth, and having run over his face and chin, what, in your opinion, would be the occasion of that man falling in that position? A. Well, now, it would be only how hard he fell; I would say this, if the fall didn't show any external injury—

Objected to by the plaintiff.

Q. Well, adding to the question, and the fall showing no external injury whatever on the person—rolling before he fell, or at the time he fell? A. Now read the question please.

Question objected to by the plaintiff; objection overruled; exception by the plaintiff.

(Question read to witness by reporter under direction of court.)

A. I don't know whether I get the gist of the question; if it is not too much trouble, read it again.

Court: Well, it has been stated twice and read once.

A. Where there was no external injury, I would say the fall did not produce death.

Q. What would you say, Doctor, of a fall of that character, and the person falling over a rail, in a healthy person, whether a fall of that kind would produce death?

Objected to by the plaintiff.

A. I would have to give the same answer as I did to the other.

570    'APPELLATE COURTS OF ILLINOIS.

VOL. 80.] Ry. Officials & Employees' Accident Ass'n v. Coady.

Objection sustained; exception by the defendant.

So the record shows that Dr. Sims did, in fact, answer the question, and appellant made no motion to exclude his answer, hence is in no position to make the complaint which is urged, even if the question was a proper one.

The appellant also complains of the court giving improper instructions, but a careful reading of those given, of which complaint is made, shows that none of them are reasonably calculated to mislead or prejudice the jury in any way against the appellant.

And as to the refused instructions complained of, we are satisfied they were properly refused, because the court did, in fact, give full and clear instructions for the appellant upon all phases of the case that the issue and evidence presented; and, besides, when all the instructions given are considered together as one charge, they fully, fairly and clearly gave the law of the case arising from the issue and evidence.

Lastly, the appellant insists that on the whole record it does not satisfactorily appear that the death of John Coady was solely caused by bodily injuries effected through external, violent and accidental means, which was manifested by an external and visible sign, as required by the express terms of the contract of insurance sued on; but that from all the evidence when fully and fairly considered, it does, in fact, fairly appear that his death was partially, if not solely caused by his excessive exercise, which, owing to the diseased condition of his lungs, broke a blood vessel, producing hemorrhage, and that the loss of blood occasioned thereby, caused his death. And as the contract of insurance sued upon only indemnifies against accidental death, caused by involuntary, external, violent and accidental means, which leaves visible external signs; therefore the verdict is against the evidence when applied to the contract sued upon.

We think the contract of insurance, sued on in this case, was issued and accepted for the purpose of indemnifying John Coady, for the benefit of his wife, against accidental

death caused by accidental means, and that in giving construction to the contract, all the language used therein must be construed with reference to fairly accomplishing the purpose designed. Healey v. Mutual Accident Association, 133 Ill. 556.

It is also proper that all the language used in the contract of insurance must be liberally construed in favor of the insured, so as not to defeat, without a plain necessity, the claim to the indemnity which, in making. the insurance, it was his object to secure; and when the words used are, without violence, susceptible of two interpretations, that which will sustain his claim and cover the loss, must, in preference, be adopted. May on Insurance, 2d Ed., Sec. 175.

Construing the contract of insurance in this case by the foregoing well-established rules of construction, and applying the ultimate facts fairly deducible from the evidence in this record, we feel compelled to hold that the death of John Coady was solely produced by an accidental fall on the rail of the railroad track, which was an external and violent force, that left on his body a bruise, which was a visible sign that force had been used.

While it is true that had John Coady been a more robust and sound man, this fall may not have produced his death, yet as he was shown to have been strong and sound enough to have satisfactorily discharged the duties of flagman and freight-handler for the "Big Four Railroad Company" for more than two years immediately preceding his death; and the fact that an eye witness saw that he stumbled and fell when running; and the mark found on one of his shoes after his death, together with the position of his body with reference to his dinner pail and the papers he carried in his hands, when taken together, almost conclusively show that he received a very violent fall from having stumbled while running from an impending storm; and as he died immediately thereafter, bleeding profusely from his mouth and nose, induces a reasonable person to conclude that his death at that time was caused solely from the fall, and was accidental within the meaning of the certificate or policy.

Believing as we do, that on the whole record the verdict and judgment are right, we affirm it.   Judgment affirmed.

(Justice WRIGHT heard this case in the Circuit Court, but took no part in its decision in this court.)