## Jacob Zeigler v. Clinton Mutual County Fire Ins. Co.

1. CONSTRUCTION OF CONTRACTS—*Insurance Policies.*—The rule of construction to be adopted with reference to insurance policies should be a liberal one and favorable to the insured, so as not to defeat, without a plain necessity, his claim to the indemnity, which in making the insurance it was his object to secure.

2. EVIDENCE—*Conversations with a Deceased Agent.*—The holder of a policy of insurance is not a competent witness as to any conversation with a deceased agent of the company. but he is a competent witness to testify to the situation of the contents of a building destroyed by fire at the time the insurance was effected and the loss sustained.

**Bill to Remove an Ambiguity** from a policy of insurance. Trial in the Circuit Court of DeWitt County. Decree dismissing bill for want of equity. Appeal by complainants. Heard in this court at the May term, 1899. Reversed and remanded with directions. Opinion filed September 20, 1899.

George K. Ingham, attorney for appellant.

Moore, Warner & Lemon, attorneys for appellee.

Mr. Presiding Justice Wright delivered the opinion of the court.

Appellant filed his bill in equity against appellee to remove ambiguity from an insurance contract, and to declare the intent and meaning of the same. Upon the hearing the finding of the court was against appellant and the bill was dismissed for want of equity, from which he has appealed to this court.

The application for insurance which is referred to by and made part of the policy, and the policy itself, describe appellant's property insured as being situated in the town of Texas, county of DeWitt, on N. W. $\frac{1}{4}$ N. E. $\frac{1}{4}$, Sec. 1, T. 19, R. 2 E. 3d P. M., as follows:

|  | VALUE. | SUM INSURED. |
|---|---|---|
| On his frame barn, 60x30 ft., 24 ft. high.. | $ 600 | $400 |
| On his frame barn, contents............. | 300 | 200 |
| On his frame carriage house............. | 300 | 200 |
| On his frame barn, 32x42 ft., 20 ft. high.. | 1,200 | 800 |

The first barn above described was not upon the land described in the application and policy, but was upon S. E. $\frac{1}{4}$ Sec. 1; the last barn above described was located as described in the contract. At the time the insurance was effected the contents were in the last mentioned barn, and subsequently to the contract it was used for the purpose of storing contents, and on June 2, 1898, the contract of insurance then being in force, the latter barn and contents were destroyed by fire, the value of the contents being testified to at $494.68. Appellee adjusted and paid the loss for the destruction of the barn, but refused to adjust or pay the loss for contents, because it contended the item of insurance against loss of contents referred to the first mentioned barn, it not being the one destroyed.

Were it not for the position the record shows appellee has taken in its refusal to adjust and pay the loss, we would

have little hesitancy in saying that appellant's remedy is exclusively at law, and for such reason the decree of the Circuit Court is right; but appellee having refused payment because it claims the contents refer to the first described barn and not to the last, the appellant doubtless had the right to accept that position, and proceed in a court of equity to have the alleged ambiguity removed and the real intent and meaning of the contract ascertained and declared.

There is, in our opinion, upon the face of the contract, without the aid of extrinsic evidence, no more reason for believing the contents insured by it has reference to the first mentioned barn, than to the last; such an ambiguity may always be explained by oral proof; but when it is admitted, as it is, that the first mentioned barn is not upon the land described, and it is proved the contents were upon such land both at the time the contract was made and the loss occurred, it becomes conclusive, it seems to us, that such part of the contract could only have reference to the barn correctly located and described in the policy. The rule of construction to be adopted with reference to insurance policies should be a liberal one, and favorable to the insured, so as not to defeat, without a plain necessity, his claim to the indemnity which, in making the insurance, it was his object to secure. Home Ins. Co. v. P. & P. U. Ry. Co., 78 Ill. App. 137; Healey v. Mut. Acc. Ass'n, 133 Ill. 556; R. O. & E. A. Ass'n v. Coady, 80 Ill. App. 563.

It is undoubtedly the law that appellant was an incompetent witness as to any conversation with the deceased agent of appellee, but he was a competent witness to testify to the situation of the contents at the time the insurance was effected and the loss sustained, and to that extent his testimony was entitled to be considered, and it was error to exclude it.

The decree of the Circuit Court will be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed. Reversed and remanded.