Clinton Mutual County Fire Ins. Co. v. Zeigler.

---

## Clinton Mutual County Fire Ins. Co. v. Jacob Zeigler.

101    165
D201s 371

1. CONSTRUCTION OF CONTRACTS—*Ambiguities in Insurance Policies.* —In construing a contract of insurance, declarations of the insured after a loss to the effect that he had been "careless in his application and had not procured insurance on the contents of a building when he thought he had," ought to weigh but little as against a manifest intention to have the property in question insured.

Bill to Construe a Contract of Insurance.—Appeal from the Circuit Court of DeWitt County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed April 9, 1902.

WARNER & LEMON, attorneys for appellant.

GEORGE K. INGHAM, attorney for appellee.

MR. JUSTICE HARKER delivered the opinion of the court. This is a suit in equity, brought by appellee to reform

an ambiguity in a fire insurance policy and to declare the intent and meaning of the same.    It was before this court at the May term, 1899, at which time a decree of the Circuit Court dismissing the bill for want of equity was reversed. (Ziegler v. Clinton Mutual County Fire Ins. Co., 84 Ill. App. 442.)    After being remanded, another hearing was had resulting in a decree in favor of appellee.    The policy covers two barns and the contents of one barn, but does not state in which barn the contents insured were contained.    One of the barns was an old one and the other a new one.    The " contents " had been kept in the old barn, but had been removed to the new barn when the policy was issued.    They remained there until a fire totally destroyed them and the barn in which they were contained.    Appellant adjusted and paid the loss for the barn, but refused to pay for the loss of the " contents," upon the ground that the policy did not cover them.    The " contents," consisted of sleigh, saddles, harness, ropes, pulleys, hay and grain, and it is clear that appellee, when he applied for the policy in question, intended to have them insured as contained in the new barn. He entertained no doubt that they had been so insured until after the fire, when some question to the contrary was raised by appellant's officers.

The old barn did not contain the " contents " but was practically empty.    It is not reasonable that the parties intended insurance upon property that had no existence, which would be the effect of a holding that the policy meant the " contents " of the old barn.

Appellant places great stress upon the proof of declarations made by appellee after the fire to the effect that he had been careless in his application and had not procured insurance on the " contents " when he thought he had.    He fully explains those declarations.    They were based upon the opinion and assurance of appellant's officers that the policy did not cover the " contents " destroyed.    Declarations made under the pressure of the " convincing arguments " of appellant's officers ought to weigh but little as against a manifest intention to have the property insured. The decree is right and will be affirmed.