## Earnest A. Miner, Administrator, Appellee, v. New Amsterdam Casualty Company, Appellant.

1. INSURANCE, § 120*—*how policy is construed.* A contract for accident insurance being prepared by the insurer cannot be extended by implication or inference against the insured but is to be construed strongly against the insurer.

2. INSURANCE, § 410*—*when insurer is liable for accident.* Under an accident policy covering injuries "not caused or contributed to by illness or disease," plaintiff was entitled to recover where his intestate, who became sick to the stomach from eating salted peanuts, went out on the platform of the railroad car in which he was riding and sat down and in some way got under the train and suffered the loss of his limbs, because the disease or sickness referred to does not mean every momentary indisposition that is suffered by the insured.

3. INSURANCE, § 613*—*when suicide need not be negatived.* Under the rule that, in the absence of proof to the contrary, the presumption is that no person will take his own life and that every person is sane and that such presumptions have all the force and effect of evidence until overcome by proof, the burden was not on the plaintiff, in an action on an accident insurance policy, to show that his intestate did not take his own life.

4. INSURANCE, § 452*—*when proof of loss is waived.* The giving of the written notice of an accident required by an accident insurance policy was waived where one in some representative capacity was sent by the insurer to investigate the claim and stated to plaintiff and his attorney that the insurer had sufficient proof of loss and that no further proofs would be necessary.

5. TRIAL, § 268*—*when special interrogatories are properly refused.* It is not error to refuse to submit special interrogatories to a jury that do not relate to the issues or that cannot be answered from the evidence, or unless some responsive answer could be made to them that would be inconsistent with some general verdict that might be returned.

6. APPEAL AND ERROR, § 1538*—*when error in instruction is harmless.* An objection to an instruction in an accident insurance case that it assumed that the loss of the insured's feet was due to accidental means, and that it therefore ignored the contention that the insured in some way got underneath the cars in question with suicidal intent, was harmless even if it had been sound, where the tendency of the whole proof was to establish the fact that the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

injury did result from accidental means, and that there was no evidence tending to show that the injuries were self-inflicted.

7. INSURANCE, § 432*—*when double indemnity is recoverable.* Under an accident policy providing for double indemnity in case of loss of both feet by the insured "while riding as a passenger in or on a public conveyance (including the platform, steps or running board thereof) regularly provided by a common carrier * * * of passengers," plaintiff was entitled to recover the double indemnity where his intestate while riding as a passenger on a railroad train met with an accident by which both legs were cut off between the knee and ankle, and died 4 days later from shock and loss of blood.

8. INSURANCE, § 432*—*when right to double indemnity accrues.* Under an accident policy calling for the payment of double indemnity to the insured if he should suffer the loss of both feet while riding as a passenger in a public conveyance, such indemnity accrued to the insured in his lifetime, where he lost both feet and died 4 days after the accident from shock and loss of blood; and if the insured had desired to limit its liability to cases where the insured should continue to live for any particular time after he lost his legs, it should have done so.

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed October 27, 1920. *Certiorari* denied by Supreme Court (making opinion final).

McCULLOUGH & WIERMAN, for appellant.

CHESTER A. SMITH, for appellee; WHITLEY & FITZGERALD, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellant is an insurance corporation. On January 2, 1917, it issued to one Roy H. Roberts of Decatur, Illinois, an insurance policy for the principal sum of $5,000. Under the head of "Accident Indemnities" in the policy it is provided that in case of the loss of both feet by the insured under circumstances rendering the company liable according to the terms of the policy,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the company will pay the principal sum for which the policy was issued, namely, $5,000, and double that amount if the injuries are sustained "while riding as a passenger in or on a public conveyance (including the platform, steps or running board thereof) regularly provided by a common carrier for the transportation of passengers." In addition to the specific amount agreed to be paid to the insured in case he should suffer the described loss, a further allowance is agreed to be paid for surgical aid. The proof shows that on November 6, 1917, the insured while riding as a passenger on a railroad train between Lovington and Decatur, Illinois, met with an accident by which both legs were cut off between the knee and the ankle, and that he died 4 days later from shock and loss of blood. This suit was begun by the administrator, with the will annexed of the estate of the insured, on the contract of insurance for the stipulated damages for the loss of both legs and the stipulated amount for surgical aid on the theory that the moment his legs were taken off by the accident and he remained alive, the right to have and recover all indemnities agreed upon in the contract accrued to the insured and that when he died all the existing rights he had under this as well as other contracts became assets of the estate, which it was not only the right but the duty of the administrator to collect. Appellant filed the general issue and six special pleas. A demurrer to the first and fifth special pleas was sustained, issues were joined on the remaining pleas, and the cause was tried by a jury which returned a verdict for appellee assessing his damages at $11,072.62, on which judgment was eventually rendered for that amount.

The first point urged is that, as the policy provides for no death indemnity and the insured died as the result of the same accident by which he lost his limbs, the loss of the limbs should be held to be merged in the death of the insured. There might be some reason

and justice in that contention, if the policy provided for a certain amount of indemnity interchangeably, in case of death or the loss of his limbs. In such a case, if the stipulated indemnity should be paid, or if the insurance company became liable to pay for either the death or the loss of the limbs of the insured, a double recovery for the other alternative certainly would not be sustained. The case at bar is far different from the illustration. Here the indemnity is payable to the insured for the loss of his limbs and there is no time specified in the policy as to how long he must live in order to be entitled to it. The contract is one prepared by the insurance company and cannot be extended by implication or inference against the insured. That such contracts are to be construed most strongly against the authors of them is a rule of such frequent application as to require no citation of authorities to support it. No precedent or authority has been cited by appellant in support of its contention in this respect, neither does reason nor justice call for the construction of the contract contended for by it. The contract plainly calls for the payment of indemnity to the insured, Roy H. Roberts, if he shall suffer the loss of both his legs by the means covered by the policy. The proof clearly establishes the facts to be that he did lose them by that means and that he lived 4 days after he sustained that loss. The right to have and recover the indemnity sued for, accrued to the insured in his lifetime, if the appellant had desired to limit its liability to pay the indemnity contracted for, to cases where the insured should continue to live for any particular length of time after he should have suffered the loss of his legs, it was undoubtedly within its rights to have had it so provided in the policy, but it was not so provided. The right to recover the indemnity contracted for having accrued to Roy H. Roberts during his lifetime, it became at his death an asset of his estate as much as money due

on any other contract, and it was the right and duty of his administrator to collect it. *Cotterell v. Coen*, 246 Ill. 410.

It is next urged that the indemnity provided for by the policy was for injuries "not caused or contributed to by illness or disease," and that the accident by which Roberts lost his legs was caused or at least contributed to by his sickness, and therefore appellant is not liable. The proof tends to show that while on the train the insured became sick to the stomach from eating salted peanuts and went out on the platform of the car in which he was riding and sat down there, but fails to show how he got off from the platform and under the train. It cannot be held as a fact from the evidence appearing in this record that the injuries received by Roberts that resulted in the loss of his legs were caused or contributed to by illness or disease. Even if it could be legitimately found to be a fact that Roberts was nauseated and that, because of his nausea, he went out on the platform and that he then became dizzy, either from nausea or the motion of the train, and fell off from the platform and under the car and there received the injuries in question, Roberts would not be thereby precluded from recovering for the loss of his legs, because the sickness or disease mentioned in the limitation clause of the policy above referred to does not mean every momentary indisposition that is suffered by the insured. *Illinois Life Ins. Co. v. Lindley,* 110 Ill. App. 161; *Railway O. & E. Acc. Ass'n v. Coady,* 80 Ill. App. 563. It means a sickness of some seriousness and permanency which, in itself, directly contributes to the loss suffered and but for which the loss would not have been sustained. *Preferred Acc. Ins. Co. of New York v. Muir,* 126 Fed. 926. There is no proof in this record that the deceased had any such sickness or disease as the parties had in mind in making the stipulation in question. The temporary sickness which Roberts suffered from eating salted

peanuts may have been the occasion for his going out of the car and onto the platform where he was riding, but it was not a contributing cause of his injury.

It is next urged that the burden of proving that Roberts did not take his own life or that he was not insane when he received the injuries in question was on appellee and that there is no evidence in the record showing either of those facts. In the absence of proof to the contrary, the presumption is that no person will take his own life and that every person is sane. *Fidelity & Casualty Co. of New York v. Weise*, 182 Ill. 496. Such presumptions have all the force and effect of evidence until overcome by proof. There is no evidence in this record to overcome either of these presumptions. The jury therefore rightly concluded that when Roberts received his injuries he was sane and that he did not take his own life.

The policy provides for the giving of written notice, to appellant or its duly authorized agent, of any injury within 20 days after the accident causing such injury, whereupon appellant therein agreed to furnish blanks for filing proofs of loss. It is also therein provided that affirmative proofs of loss must be furnished within 90 days after the date of such loss. Appellant contends these provisions were not complied with, and, therefore, it is not bound to pay the claim. Provisions of that character in a policy of insurance, while primarily binding on the policyholder, may be waived by the company. *Continental Life Ins. Co. v. Rogers*, 119 Ill. 474-487; *Insurance Co. of North America v. McDowell*, 50 Ill. 120-129. In the *McDowell* case the court held that where the company had such notice of the loss as induced them to send an agent to investigate the loss, it was sufficient without reference to its form or particulars, and that any notice that produces such a result was sufficient. In this case, one Best, who was the local agent of appellant, who solicited and took the application of Roberts to whom the policy when issued

was sent and who delivered it to Roberts, and who was still representing appellant at the time the accident happened and knew all about the accident and loss almost immediately after it occurred, testified that he then notified the company of the loss by "wire or letter" and that thereafter the company sent their adjuster "to look into the matter." E. A. Miner testified for appellee to what this so-called adjuster said in connection with his investigation of the matter, but both the statement of the witness Best, to the effect that this party sent by appellant to look into the matter as its adjuster, and the testimony of the witness Miner, as to what the so-called adjuster said about the matter, were afterwards stricken from the records and withdrawn from the consideration of the jury, and cannot be considered by this court. It appears elsewhere in the record that the name of this man referred to by Best, as an adjuster, was known as McCaffney, and that he was introduced to the representatives of the estate of Roberts, deceased, as the adjuster of appellant and that he made investigations in regard to this claim.

Later, E. A. Miner wrote two letters to appellant company demanding an adjustment of this claim and received a reply written on the letterhead of appellant and signed by one W. A. Connor, as "Superintendent of Claim Division" of appellant, stating, in substance, that Mr. Connor would soon be in the vicinity of Decatur and requesting the indulgence of appellee until that time. In due time Connor came and in conversation with appellee and his attorney said there had been sufficient notice to appellant of the loss, that there was no question but what the claim of appellee had been duly filed, that appellant had sufficient proofs of the loss and that no further proofs of the claim would be necessary. The notice sent appellant by Best, as its local agent at Decatur, whether it was by telegram or by letter and whether it was or was not in exact conformity with the notice required by the terms

of the policy, caused appellant to send McCaffney in some capacity to investigate the matter and was sufficient under the holding in *Insurance Co. of North America v. McDowell, supra*. Even if no notice had been given, it was a matter that could be waived by appellant and was expressly waived by Connor, who came in accordance to the request made by appellee on appellant by letter as its representative. The agency of both McCaffney and Connor was established prima facie by the fact that they came to Decatur pursuant to communications sent to appellant and that they were there recognized and introduced as its representatives by its local agent and proceeded to assume to represent it in this matter. This prima facie showing has not been rebutted in any way, neither has the agency of these men been denied by any one under oath or these acts repudiated.

Appellant requested the court to submit to the jury three interrogations:

First. "Did the said Roy H. Roberts intentionally cause himself to be injured?"

Second. "Was Roy H. Roberts in a condition of illness just prior to and at the time of his injury?"

Third. "Was the falling of Roy H. Roberts under the wheels of the train in question, or his being thrown there, contributed to by illness of the said Roy H. Roberts?"

These interrogations were all properly refused. There was no evidence from which a verdict of suicide or self-inflicted injury could have been sustained if found, and none whatever of any sickness of a character to constitute a defense in this case. It is not error to refuse to submit special interrogations to a jury that do not relate to the issues in the case or that cannot be answered from the evidence in the case, or unless some responsive answer could be made to them that would be inconsistent with some general verdict that might be returned by the jury. *Smith v. Sanitary*

*Dist. of Chicago,* 260 Ill. 453-464, and cases there cited. Upon no theory could the court have been justified in this case in requiring the jury to answer either of the special interrogations submitted.

Appellant lastly contends that in one instruction given at the request of appellee it is assumed that the loss of Roberts' feet was due to accidental means, and by so doing ignores its contention that the insured in some way got himself underneath the car with suicidal intent. It is a "far cry" to say that such fact was assumed in the instruction, but, if it was, no harm could come to appellant from it because the tendency of the whole proof was to establish the fact that the injury did result from accidental means, and there is no evidence even tending to show that the injuries received by the deceased were self-inflicted.

Finding no reversible error in this record the judgment of the circuit court is affirmed.

*Judgment affirmed.*