PATRICK R. MORGAN, Appellant, *v.* JOSEPH T. RYERSON, Appellee.

APPEAL FROM COOK.

A verdict will not be set aside where the evidence is conflicting, even though it may be against the weight of evidence.

Where a horse, sold as sound, proves to be otherwise, is returned to the vendor by the purchaser, in an action by the purchaser the measure of damages is the price paid for the horse. If he is not returned, it is the difference between his real value and the price given.

THIS was an action of assumpsit, brought by the appellee against the appellant.

The first count of the declaration alleges that on the 11th day of April, 1856, plaintiff, at the request of defendant, purchased of defendant a certain horse for the sum of $225 ; and that said horse was sound and kind for a family horse ; plaintiff avers that said horse was not sound ; but on the contrary, said horse was unsound at the time when, etc., whereby said horse became and was of no use or value to plaintiff ; and that he, the said plaintiff, had been put to great expense in and about taking care of said horse, whereby plaintiff was deceived, etc.

Second count same in substance as first, alleging the purchase of a horse by plaintiff from defendant, with a warranty of soundness, etc. ; and that said horse was unsound at the time when, etc. ; and by means whereof there was a breach of the warranty by defendant, whereby plaintiff was damaged, etc.

Common counts in the usual form, etc.

Pleas—1st, general issue ; 2nd, set off.

Issue was joined on the pleas.

Morgan v. Ryerson.

On the trial, plaintiff gave in evidence the bill of sale from defendant to plaintiff, with warranty of soundness of said horse, in the words and figures following, to wit:

Mr. Ryerson,
Bought of P. R. Morgan,
One bay horse, five years old, warranted sound and kind for a family horse,   -    -    -    -    -    -    -    -    $225 00
Received payment,
Signed,                     P. R. MORGAN.
Chicago, April 11th, 1856.

The testimony on the part of the plaintiff below, went to show that the horse, soon after he purchased him, became lame in one of his fore legs, and that this lameness had manifested itself before the purchase by plaintiff, and rendered the horse unfit for use. On the part of the defendant below, the testimony was strong in support of the soundness of the horse, before and at the time of the sale. The horse was returned by Ryerson to Morgan in two or three weeks after the purchase.

The plaintiff requested the court to instruct the jury as follows:

1st. If the jury believe, from the evidence, that the horse sold by the defendant to the plaintiff had any sprain, strain or other injury, amounting to unsoundness in one of his legs at the time of the sale to the plaintiff, and the plaintiff, after discovering such unsoundness, and without unreasonable delay returned the horse to the defendant as unsound, then the plaintiff is entitled to recover the amount paid for the horse.

2nd. If the jury shall believe, from the evidence, that the horse was returned by the plaintiff to the defendant as unsound, and accepted by the defendant, then the plaintiff is entitled to recover back the amount paid the defendant for the horse.

3rd. If the jury believe, from the evidence, that the horse was returned to defendant in June, 1856, as unsound, and was accepted back by the defendant, then the plaintiff is entitled to recover the price paid for the horse, whether he was sound or not at the time of sale.

To the giving of which said instructions the defendant excepted.

The defendant requested the court to instruct the jury as follows:

If the jury shall believe, from the evidence, that at the time of the sale of the horse in question by the defendant to plaintiff, that the said horse had no permanent or incurable injury about him; and that if any unsoundness existed, it was only a temporary and curable injury, and did not injure the horse for

services, then it was no breach of the warranty, and the defendant is entitled to a verdict."

Which said instruction the court then and there gave to the jury, with the following qualification after the word *services :* "and present use while suffering under it." Also, with the following addition after the word *verdict :* "unless the contract of sale was afterwards, by agreement, rescinded by the parties, and the horse returned to defendant."

The defendant then and there further requested the court to give to the jury the following instruction:

"If the jury shall believe, from the evidence, that the horse in question, at the time of the sale to the plaintiff by the defendant, was a sound horse, then the law is for the defendant, and the only question for the jury to try in relation to the soundness or unsoundness of the horse, is the question as to whether the horse was unsound at the time of the sale."

Which said instruction the court gave, with the following qualification after the word *horse :* "and that the contract of sale was not rescinded at the time of his return to defendant, or at any other time."

Also the following:

"If the jury shall believe, from the evidence, that the defend ant kept the horse in question for the plaintiff, after he was hurt and brought back to the stable of the defendant, then the defendant is entitled to recover the value of his keeping and attendance, if the same commenced before this suit was brought, by way of set-off, and the defendant is entitled to such judgment as the keeping and attendance was reasonably worth."

Which said instruction the court gave to the jury, with the following qualification after the word *that :* "the horse was returned to defendant and contract of sale rescinded between the parties, and that".

And also the following:

"If the jury shall believe, from the evidence, that the horse was sound at the time of the sale to the plaintiff, then they should find for the defendant."

Which said instruction the court gave to the jury, with the addition, however, after the word *defendant,* of the following: "unless they shall also find that the horse was returned to the defendant, and the contract of sale rescinded between the parties by mutual agreement."

To the giving of said additions to said instructions the defendant excepted.

The jury found a verdict for the plaintiff, and assessed the damages at $225.

23

The defendant moved the court for a new trial, which was denied.

S. Ashton, for Appellant.

E. C. Larned, for Appellee.

Breese, J. This was an action of assumpsit, brought upon a warranty given upon the sale of a horse, with a count for money had and received.

Much and conflicting testimony was heard on the trial, which it is the peculiar province of a jury, in such cases, to reconcile ; and an instance can scarcely be found in the books where a verdict has been set aside under such circumstances, even if it may appear to the court that the verdict may be against the weight of evidence. *Lowry* v. *Orr*, 1 Gilm. R. 70.

There is proof in the cause that Ryerson returned the horse to Morgan so soon as he discovered the blemish, and the jury had a right to infer, from all the circumstances, that Morgan had accepted him.

The measure of damages in such case is, the price paid for the horse. If he is not returned, the measure of damages is the difference between his real value and the price given. *Caswell* v. *Coare*, 1 Taunton R. 566.

We see no objections to any of the instructions given by the court. The qualifications to the defendant's instructions were all proper.

The judgment is affirmed.

*Judgment affirmed.*