NATHAN F. RACKLEY

*v.*

NATHAN RACKLEY.

*Filed at Ottawa, June 19, 1894.*

1. CHANCERY—*weight attached to finding of facts where the evidence is conflicting.* Where the witnesses in a chancery suit are examined orally in open court, much weight will be given to the finding of the court, because of the better opportunity of arriving at a correct conclusion as to the facts, where the question is dependent on the credibility of the witnesses and the weight to be given to their testimony.

2. SAME—*conflicting evidence—disturbing the finding.* A decree entered on evidence conflicting and evenly balanced, heard in open court, will not be disturbed, unless an error in the finding of the facts is clear and palpable.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Bureau County; the Hon. GEO. W. STIPP, Judge, presiding.

Mr. RICHARD M. SKINNER, for the appellant.

Messrs. ECKELS & KYLE, for the appellee.

Mr. JUSTICE PHILLIPS, delivered the opinion of the Court:

This is a bill for injunction and relief filed by appellee against appellant, and one Nathan E. Morris, and the question arising is as to whether certain notes made by Nathan E. Morris to appellee, and by him indorsed to appellant, were indorsed for collection merely, or were indorsed and delivered by appellee to appellant as a gift. The bill alleges they were indorsed for collection only, and prays they may be ordered transferred to appellee, and Morris be enjoined from paying to appellant, etc.

Appellant Rackley filed answer denying the allegations of the bill, and a default was entered as to Morris and decree *pro confesso* as to him.

There is no question of law raised in the argument, and the question is one of fact. On the hearing of the case before the chancellor the witnesses, except one, were examined in open court, and were seen and heard by him. It is a familiar rule, that where the witnesses are thus examined, seen and heard, much weight is given to the findings, because of the better opportunity of arriving at a correct conclusion as to the facts, where the question is dependent on the credibility of the witnesses, and the weight to be given to their testimony. There is a direct conflict in the testimony of appellant and appellee as to whether the notes were assigned for collection or a gift, and each is sustained by the declarations and admission of the other, proven by disinterested witnesses. The appellee, a man of great age, with his wife, was living with the appellant, his son. The notes in controversy were executed by Morris, a grandson of appellee. Between Morris and appellee some enmity had arisen, and appellee claims that he indorsed the notes to appellant for collection merely, and the indorse-

ment was made "pay to bearer," and signed by appellee, and they were then delivered to appellant, afterward that indorsement and signature were crossed out. These notes were secured by a mortgage, and a day or two after they were so delivered to the appellant, he called on Harvey M. Trimble, an attorney, and consulted him in behalf of appellee as he then stated, as is testified to by Trimble, who further testified that appellant came to him with the notes bearing indorsements to bearer, and was told that that was not a judicious way to make the indorsements; that appellant told him that appellee had trouble with his grandson, the maker of the notes, and wanted appellant to collect them for him, that witness said that all that was necessary was an indorsement for collection; that appellant objected to such an indorsement, and said that he was to have his pay for the board out of the paper; that the witness then said that the best way would be to make the indorsement in the ordinary way, and for appellant to give his father a receipt showing how he held the paper; witness wrote the indorsements and assignment of the mortgage to be signed by appellee, and wrote and gave to appellant a receipt for the notes and mortgage to be signed by him, specifying that they were received to be collected, and that out of the proceeds appellant should have the right to take pay for the board, and should pay the balance over to appellee. When appellant returned from the consultation with Trimble, he presented to appellee the notes to be signed under the indorsements filled out by Trimble, and which read: "Pay Nathan F. Rackley or order," which were signed by appellee when presented. When the assignment of the mortgage was to be signed, appellee and appellant went to the office of Dr. Hopkins, who signed as a witness to appellee's signature. There was some evidence that the relations between appellee and his grandson, the maker of the notes and mortgage, were not pleasant, and Dr. Hopkins, who witnessed the signature to the assignment of the mort-

gage, testified that appellee then said that the young man would find out now that a man had got hold of it that would make him pay. Appellant denied having the conversation with Trimble, and stated he consulted Trimble at the request of appellee. He further testified, that appellee had given property to his other son, George Rackley, and to his daughter, Phœbe Morris, and told him that this gift was not as much as he had given to George and Phœbe, but that he would make it all right before he died. A son and daughter of appellant testified to conversations with appellee, in which he said that he had given the notes to their father as a present, and these conversations were denied by appellee. David D. Bailey, a justice of the peace, who wrote the first indorsements to bearer, which were afterwards erased, testified that appellee then said that he was going to give the notes to appellant, and that appellant did not know anything about it. In rebuttal, appellee denies that the consultation with Trimble by appellant was with his request or knowledge, and denies making the admissions testified to by the son and daughters of appellant. The chancellor who heard the witnesses entered a decree as prayed for in the bill, which was affirmed by the Appellate Court. A decree, on evidence so conflicting and so evenly balanced, as it appears in this record, entered on evidence of witnesses heard in open court by the chancellor, ought not to be disturbed, unless an error in the finding of facts is clear and palpable. *Coari* v. *Olsen*, 91 Ill. 277; *Johnson* v. *Johnson*, 125 id. 510. The evidence of Bailey and Trimble is almost the only evidence of disinterested witnesses, and upon the whole evidence it clearly authorized and supports the decree, and preponderates in favor of appellee.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*