RUDOLPH GERBER

*v.*

REBECCA GERBER.

155    219
115a  ³205

*Filed at Ottawa April 1, 1895.*

1. APPEALS AND ERRORS—*how far findings of chancellor are binding.*
The finding of the chancellor upon conflicting evidence will be disturbed, upon appeal, only in a clear case.

2. JUDGMENT—*when dismissal of former bill is not a bar.* A dismissal of a former bill is not a bar to a subsequent suit where the record fails to show an answer to such bill and a replication thereto, or whether the dismissal was without prejudice. ·

3. PLEADING—*former dismissal must be set up by plea.* A dismissal of a former bill, to be available as a bar in a subsequent suit, should be set up by plea, and proved.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. W. G. EWING, Judge, presiding.

This is a bill for divorce, filed by appellee, against appellant, July 28, 1893. The bill recites that the parties were married at Chicago, September 15, 1891; that she was the widow of Sigmund Oppenheimer, deceased, before such marriage; that on November 1, 1891, defendant struck complainant, and twice during such month attacked her; that on February 22, 1892, defendant slapped her, and on April 30 and May 1, 1892, defendant bruised and beat her for her money; that on May 3, 1892, defendant struck at complainant with a pen-knife, cutting her hand; that she advanced him $2600; that on May 6, 1892, complainant filed her bill for divorce against defendant in the circuit court of Cook county; that on March 20, 1893, she dismissed her bill and consented to live with him, on defendant's promise to treat her properly; that he again started to abuse her, and in June kicked her in the stomach; that on July 18, 1893, she left defendant. The answer of defendant, filed July 29,

1893, contains a special denial of all acts of cruelty and abuse; alleges that, prior to complainant's return to him, he informed her that if her mother would not interfere they would live peaceably together; that complainant has repeatedly assaulted defendant and used violent language toward him. On hearing, a decree was granted as prayed for in the bill, which was, on appeal to the Appellate Court, affirmed.

The evidence is conflicting as to the acts of cruelty. There is no evidence in the record of a former suit, except as stated in the bill, and nothing to show an answer or replication. The argument of appellant is that there was a former suit, etc., which is a bar to this proceeding.

B. M. SHAFFNER, for appellant.

WALKER & DAVIS, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Where the evidence is conflicting, as here, and the chancellor who heard the case had an opportunity of seeing the witnesses, this court will place much reliance on that fact, and will only in a clear case disturb the finding of the trial court. *Rackley* v. *Rackley*, 151 Ill. 332; *Coari* v. *Olsen*, 91 id. 273; *Johnson* v. *Johnson*, 125 id. 510.

The point most strongly urged is, that as the bill shows a former bill, alleging cruelty, etc., was filed and dismissed by appellee, it is a bar to another suit for the same offense. Where a bill is filed alleging specific facts and praying relief, and an answer and replication thereto and a dismissal thereof, and that dismissal is not shown to be without prejudice, it is a grave question whether such an order is not a bar to a subsequent suit between the same parties, seeking the same relief on the same facts. (*Mey* v. *Gulliman*, 105 Ill. 272.) No former record being in evidence, and nothing to show an answer was filed to the former bill, and replication thereto, or whether

the dismissal was without prejudice or not, there is nothing in this record to show a former dismissal as a bar to the bill here. If there was such dismissal, it should have been set up by plea, and have been proven, to constitute a defense.

On the evidence in this record the judgment of the Appellate Court must be affirmed.        *Judgment affirmed.*