## Alton Railway, Gas & Electric Co. v. Louis Seiferth.

1. VERDICTS—*On Conflicting Evidence.*—Where there is an irrecon-
cilable conflict in the testimony, the Appellate Court will not reverse the
judgment of the trial court if the evidence of the successful party, when
considered by itself, is sufficient to sustain the verdict.

**Trespass on the Case,** for personal injuries.  Appeal from the Circuit Court of Madison County; the Hon. WILLIAM HARTZELL, Judge, presiding.  Heard in this court at the August term, 1900.  Affirmed.  Opinion filed March 11, 1901.

LEVI DAVIS and HENRY S. BAKER, attorneys for appellant.

DUNNEGAN & LEVERETT, attorneys for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action on the case, in the Circuit Court of Madison County, by appellee against appellant to recover damages for personal injury.  Trial by jury.  Verdict and judgment in favor of appellee for $233.

Appellant operated a line of street cars in the city of Alton.  Appellee was a passenger on one of appellant's cars.  The declaration charges that it was the duty of appellant to give appellee an opportunity to safely alight from the car, and to stop the car a reasonable time to enable appellee to so alight; but that appellant did not use care in that behalf; and that as appellee, with all due care and diligence, was attempting to alight from the car, appellant carelessly and negligently caused the car to be suddenly and violently started, by reason whereof appellee was thrown to the ground and bruised and injured.  It is urged by counsel for appellant, as grounds for reversing the judgment, that the trial court erred in the admission and rejection of evidence, in the giving of certain instructions, and that the verdict is manifestly against the weight of the evidence.

The abstract of the evidence furnished us by appellant does not disclose the admission of the evidence on behalf of appellee complained of, and it is not anywhere pointed out to us in the brief or argument of counsel wherein the trial court erred in refusing to admit any proper evidence offered on behalf of appellant.

Counsel for appellant insist that the trial court erred in giving the first, third and fourth instructions asked by appellee.  The objections urged against the first instruction are that it is not supported by the evidence and that it is misleading.

The purpose of the instruction was to give to the jury a general rule for weighing evidence. A proper instruction for that purpose may be given in any case where there is evidence to weigh. While we can not altogether approve this instruction we fail to see wherein the jury could have been misled by it. When we consider the declaration, evidence, and all the instructions together, as it is our duty to do in a case like this one, we find no material error in the instructions.

Lastly, it is contended that the verdict is manifestly against the weight of the evidence. It does not so appear to us. That appellee was quite seriously injured at the time and place alleged is admitted, and to our minds his statement of how it occurred is the only believable account of it that appears in this record, and we think the jury was abundantly warranted in believing his testimony. In Calvert v. Carpenter et al., 96 Ill. 63, our Supreme Court says:

"The rule is firmly established, that where, as in this case, there is an irreconcilable conflict in the testimony, this court will not reverse the judgment of the trial court, where the evidence of the successful party, when considered by itself, is clearly sufficient to sustain a verdict."

Upon the whole record in this case, we find that substantial justice has been done, and the rule that in such case the judgment will not be reversed on account of mere technical or trivial errors is too generally understood to require citation of authorities in its support.

The judgment of the Circuit Court is affirmed.