Illinois Life Insurance Co. v. Erasmus C. Lindley, Adm'r.

1. INSTRUCTIONS—*Must be Considered Together and as One Charge.*— The instructions must be considered together and as one charge. If the instructions taken as a whole present the law to the jury with substantial correctness, it is sufficient.

2. SAME—*Party Can Not Complain of an Error Similar to One in His Own Instruction.*—A party has no right to complain of an error in an instruction when a like error appears in another instruction given at his own request.

3. INSURANCE—*Meaning of Word " Disease" as Used in Application.* —The word "disease" as used in an application for life insurance, means more than a temporary disorder; it means serious illness which has impaired the constitution or has left behind it some organic or chronic effect.

4. APPELLATE COURT PRACTICE—*Errors Not Assigned Are Waived.* —Errors assigned but not argued in this court will be considered as waived.

5. SAME—*Where the Evidence is Conflicting.*—Where the evidence is conflicting, the verdict will not be disturbed unless there is substantial

error in the action of the trial court in the giving or in the refusing of instructions, or in the admitting or in the rejecting of evidence.

Assumpsit, on a policy of life insurance.   Appeal from the Superior Court of Cook County; the Hon. ALONZO K. VICKERS, Judge presiding. Heard in this court at the October term, 1902.   Affirmed.   Opinion filed October 26, 1903.

THEODORE K. LONG, SAMUEL J. HOWE and HARRY WHEELER STONE, attorneys for appellant.

WALKER & PAYNE, attorneys for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

December 28, 1897, the Bankers & Merchants Life Association issued its policy of insurance on the life of one John H. Pipes in the sum of $2,000.   Later this policy was assumed by appellant.   Pipes died in March, 1899, of tuberculosis of the lungs.   Proofs of death were made and served. Appellant refused to pay the claim.   Suit was brought in assumpsit, the policy being declared on in the usual form. By stipulation all pleas except that of the general issue were withdrawn, and appellant was permitted to make all defenses under that plea.   The defense interposed on the trial was that the answers of Pipes in the application for insurance were warranties, and that many of them were false.   The verdict and judgment were for appellee.

Counsel for appellant argue five errors in their brief on this appeal.

First.   That the trial court erred in giving the second instruction requested by appellee.   It is admitted that the first part of this instruction contains substantially a correct proposition of law; but it is asserted that the remainder thereof, reading, "or if the evidence is evenly balanced, so that the jury are in doubt and unable to say on which side the evidence preponderates as to the truth or untruth of said answers, or any one of them, then the jury must find for the plaintiff, or if the preponderance of evidence is in favor of the truth of said answers, then your verdict should be for the plaintiff," means that if the jury are in doubt and can not say on which side the evidence preponderates, as to any

one of the controverted questions, then they must find for the plaintiff.

If this instruction is subject to the criticism stated, it did not mislead the jury, for the next instruction given tells the jury that upon the case made the plaintiff below is entitled to recover, "unless you find from the preponderance, that is, the greater weight of the evidence, that the insured, John H. Pipes, answered untruthfully or falsely some one of the questions propounded to him in the application for the policy of insurance mentioned." The instructions must be considered together and as one charge. If the instructions taken as a whole present the law to the jury with substantial correctness, it is sufficient. Toluca, etc., v. Haws, 194 Ill. 93; City of Lanark v. Dougherty, 153 Ill. 166; Ill. Central R. R. Co. v. Orr, 59 Ill. App. 260.

Second. That the sixth instruction, given at the request of appellee, does not state the law applicable to the case and is open to the further criticism that it is irreconcilable with other instructions given. It is as follows:

"The court instructs the jury that the questions and answers contained in the application mentioned herein do not concern accidental disorders or ailments lasting only for brief periods and unattended by any substantial injuries or inconveniences, and do not relate to a slight and temporary indisposition speedily forgotten, but apply only to matters of a substantial character, or of such a nature as to affect the hazard or risks incurred or assumed by reason of the issuance of the policy of insurance mentioned herein."

This instruction is not an incorrect statement of the law of the case, for the reason that the main question in the application is, "Have you ever had any of the following diseases?" The word "diseases" as used in this question, means more than a temporary disorder; it means serious illness which has impaired the constitution or has left behind it some organic or chronic effect. What the parties, if both were honest and frank, were seeking to find out, was whether the applicant's history showed anything affecting the risk, or which would tend to prevent the company from insuring the applicant; something serious enough to

impair the general health and affect the continuance of life. , Any other construction would be unfair to the applicant, and an unreasonable demand upon the part of the company. That this construction accords with the general trend of the authorities is shown by Mason's Ben. Soc. v. Winthrop, 85 Ill. 542; Dreier v. Continental L. I. Co., 24 Fed. Rep. 670; Fidelity M. L. Ass'n v. Miller, 92 Fed. Rep. 75; Hubbard v. Mutual R. F. Life Ass'n, 100 Fed. Rep. 719; Cushman v. U. S. Life Ins. Co., 70 N. Y. 72; Connecticut Life Ins. Co. v. Union Tr. Co., 112 U. S. 250.

Nor is this instruction at variance with the law as laid down in the other instructions. In many of the other instructions given the law is declared to be that the applicant warranted the truth of his statement concerning each disease of which evidence was offered; that those statements were material, and whether he knew them to be false or not, the verdict must be for the appellant if the jury, from the evidence, believed any of them to be false.

Third. That the trial court erred in modifying the ninth instruction submitted by appellant in such a manner as to direct the jury, in effect, that if Pipes did not know he had consumption at the time he signed the application, then he was absolved from the warranty that he was not suffering from that disease. If we admit that the modification was wrong, appellant is not helped thereby, for the reason that each of appellant's instructions, numbered 7, 8, 10, 11, 12 and 13, contained when offered, and as given, the exact words which the court interpolated in instruction No. 9. A party has no right to complain of an error in an instruction when a like error appears in another instruction given at his own request. Consolidated C. Co. v. Haenni, 146 Ill. 620; L. S. & M. S. Ry. Co. v. Conway, 169 Ill. 505; West Chicago St. R. R. Co. v. Buckley, 200 Ill. 260.

Fourth. Appellant tendered seven special findings. The court refused to submit the one numbered 6 to the jury. Appellant says that such refusal was error. These findings are as follows:

Illinois Life Ins. Co. v. Lindley.

" 1. At the time John H. Pipes made and signed the application for the policy of insurance sued on in this case, December 20, 1897, was he suffering from or afflicted with bronchial catarrh ?

2. On the 20th day of December, A. D. 1897, when John H. Pipes made application for the policy of insurance sued on in this case, was he suffering from or afflicted with dyspepsia ?

3. Prior to the 20th day of December, A. D. 1897, had John H. Pipes ever had pneumonia ?

4. On or prior to the 20th day of December, 1897, did John H. Pipes have an obstinate cough ?

5. On or prior to the 20th day of December, 1897, was John H. Pipes suffering from or afflicted with any disease of the heart ?

6. At the time of and prior to the application of John H. Pipes for the policy of insurance sued on in this case, was John H. Pipes a sufferer from or afflicted with any of the diseases enumerated in the application for insurance, and, if so, with what disease or diseases ?

7. At the time John H. Pipes signed the application for insurance on which the policy sued on in this case was issued, did John H. Pipes use cocaine ?"

The diseases concerning which Pipes was specifically interrogated in his application were many. As to at least thirty of them the record is silent. Appellant in its brief argues but five, *i. e.*, bronchitis, obstinate cough, consumption, pneumonia and palpitation of the heart. When counsel for the appellant limit the range of inquiry and objection, this court will not sift the case for other possible causes for reversal. Errors assigned, but not argued, will be treated as waived. (Indiana M. M. Fire Ins. Co. v. People, 170 Ill. 474; Calumet F. Co. v. Reinhold, 51 Ill. App. 324; W. St. L. & P. Ry. Co. v. McDougal, 113 Ill. 603.) A glance at these special findings shows that each of these five diseases is selected out and made the subject of inquiry. Finding number 6 includes all the diseases enumerated in the application for insurance. Thus it required the jury to re-answer as to a disease to which their attention had been specifically directed by the findings submitted to them. It also calls upon them to answer as to many diseases concern-

ing which appellant had presented no evidence. The action of the court in refusing to submit this sixth question to the jury was correct.

Fifth. Appellant says that the verdict is contrary to the evidence, and that therefore the motion for a new trial should have been granted. Appellee in the first instance made out a *prima facie* case. Appellant then put in its evidence concerning the falsity of the answers of Pipes as to several of the diseases about which he was specifically interrogated. Appellee replied with rebuttal testimony. The jury rendered a general verdict for appellee, and answered each of the special findings in the negative. The trial judge, when the motion for new trial was presented to him, overruled it and entered judgment upon it. We have examined the evidence in this case and find that upon the question as to whether Pipes had any one of the diseases mentioned in appellant's brief, there is a serious conflict in the evidence. We find no substantial error in the action of the trial court in the giving or in the refusing of instructions, nor in the admitting or in the rejecting of evidence. In this condition of the record we can do nothing except to affirm the judgment. I. C. R. R. Co. v. Gillis, 68 Ill. 318.

The judgment of the Superior Court is affirmed.