## Christ Kugel, Jr., v. Edward McEnroe.

### Gen. No. 4,363.

1. PERSONAL PROPERTY—*right to return, and recover purchase price.*
Where a horse is sold upon a warranty of soundness with the agreement to permit its return if there is a breach of such warranty, the right so to return and recover back the purchase price can be enforced.

Action commenced before justice of the peace. Appeal from the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1904. Reversed and remanded. Opinion filed August 24, 1904.

JARVIS DINSMOOR, for appellant.

H. C. WARD, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Kugel bought a horse of McEnroe for $75 and paid $70 down and was to pay $5 the next Saturday. The next day Kugel asked McEnroe to take the horse back and return the $70. McEnroe refused. Kugel then took the horse back to McEnroe's barn and left him there, and McEnroe has the horse. Kugel then sued McEnroe before a justice to recover the $70. Defendant obtained a judgment against plaintiff for the unpaid $5. Plaintiff appealed to the Circuit Court. A jury trial there produced the same result. Plaintiff has appealed to this court from the judgment of the Circuit Court.

The bargain was made at defendant's barn one evening in April. Three witnesses testify for plaintiff that defendant warranted the horse sound, and told plaintiff if he was not sound or if. he found a blemish on the horse, plaintiff could bring the horse back and get his money. While the three witnesses do not use exactly the same language, yet the substance is the same. No one denies that the contract authorized plaintiff to return the horse and receive his money back if the horse was found to be unsound. Defendant, in stating his version of the occurrences at the time the sale was made, did not include that statement,

but he did not deny it, though his counsel gave him a direct opportunity to do so. Upon this record it is proved and not disputed that defendant agreed to take back the horse and refund the $70 if plaintiff found the horse to be unsound. The proof is clear that the horse was unsound. Plaintiff promptly returned him. The rule of law governing the case made by the proofs is thus stated in 24 Am. & Eng. Ency. of Law, 2nd ed., 1097: "A contract of sale, like any other contract, may be rescinded or discharged by mutual consent or agreement of parties founded upon sufficent consideration. Consent to rescission may be either express, or implied from the language and conduct of the parties. The mutual consent may be given in advance, as by a provision in the contract that upon a certain contingency the contract may be rescinded or the goods returned in whole or in part. Thus, it is a common provision that the buyer may return the goods and receive back the purchase price if the goods are not satisfactory." We see no reason why this contract should not be enforced as it was made. Defendant showed that plaintiff saw the horse earlier that day, and tested him with another horse in pulling a load of sand out of a sand pit, and indicated then a purpose to buy him, but there was no contract then, for no mention was made of the price which the seller required or which the buyer would pay.

We find no error in the rulings of the court of which complaint is made in argument, except in failing to grant a new trial. In our opinion the cause should be submitted to another jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*