## Springfield Consolidated Railway Company v. Sarah Keiser.

1. VERDICT—*when set aside, when not.* A verdict plainly against the evidence will be set aside by the Appellate Court, but where there is a sharp conflict in the evidence and the determination of the correctness of the verdict depends upon the credibility of

witnesses and the weight to be given to their testimony, such court will not interfere.

Action in case for personal injuries. Appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinon filed November 27, 1906.

WILSON, WARREN & CHILD, for appellant.

SMITH & FRIEDMEYER, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Sarah Keiser brought suit in the Circuit Court of Sangamon county against the Springfield Consolidated Railway Company to recover damages for an injury alleged to have resulted to her by reason of the negligence of the employes of that company in the operation of one of its street cars by means whereof she was thrown to the pavement and seriously injured. A verdict was returned in her favor in the sum of $500. Judgment was rendered on the verdict and the railway company appealed.

It appears from the evidence that appellee was injured on the ninth day of September, 1904, in the city of Springfield, while attempting to alight from one of appellant's cars. The car in question had come from the east on Washington street to Fifth street, where it stopped to enable the motorman to turn a switch at the crossing so that the car could proceed on its trip west. There had been a practice, however, for sometime previous, upon the part of the company, to reverse its cars, or a part of them, at this point, and without crossing Fifth street, return them to the east on Washington street. Appellee was aware of this practice to so reverse the cars and return them to the east and on the date of the injury boarded the car in question under the impression that it would be reversed and then go east. Soon after taking her seat in the car

she discovered that it was not going to be reversed and sent east, but was going west and across Fifth street. Upon learning this fact it was alleged that she attempted to leave the car and was thrown from it and injured while in the act of alighting from the car. The sole question at issue seems to be whether the car was started by order of the conductor while appellee was in the act of alighting from said car, or whether she attempted to alight after the car had been started. Appellant in its brief makes only one contention and that is, that the verdict of the jury is contrary to the manifest weight of the evidence, and that where a verdict is clearly against the weight of the evidence, it is the duty of the Appellate Court to reverse. It is true as claimed by appellant that where a verdict is plainly against the weight of the evidence the Appellate Court should reverse; yet where there is such a sharp conflict in the evidence that a determination thereof depends upon the credibility of the witnesses and the weight to be given to their testimony a court of review should not interfere. Rackley v. Rackley, 151 Ill. 332. Nor should it disturb a verdict rendered upon conflicting evidence merely because it might, as an original proposition, have arrived at a different conclusion from that arrived at by the jury. Ledman v. Rothbarth, 159 Ill. 270.

Upon the part of appellee the testimony upon the question as to the starting of the car came from appellee, herself, and one Jesse Durbin. Appellee testified that as soon as she discovered that the car she was on was not going to reverse at that point, but was to proceed westward, she started to alight from the car; that she was in plain view of the conductor and that he, standing upon the back platform, saw her in her attempt to leave the car and that while she had one foot on the cross-board and the other on the car, the car was started without notice to her, and she was thrown to the pavement. Jesse Durbin testified that

he was standing in a public square immediately south of the place where plaintiff was hurt and saw her fall; that he saw her when she was going to get off; that at that time the car was standing still; that when she started to step off the car the car moved and threw her down. She was trying to get off and had stepped down with one foot when the conductor, who was only a few feet from her, pulled the bell rope, the car started and she fell.

The direct evidence upon this subject upon the part of the appellant came from O. C. Reilly, William Zeigler and B. G. Riker. Reilly was the conductor in charge of the car and testified that appellee attempted to leave the car after he had sounded two bells to go ahead and while the car was in motion. William Zeigler, the motorman, testified that he saw a lady get upon the car and sit down; that the conductor gave him two bells and he started his car; that he released his brake enough to start the car and put on one point of power; that the car was in motion when he received a bell to stop; that he threw off his power and set the brake and turned around and saw this lady getting down off the car after the car had stopped; after he had looked around he saw this lady and she was on the running board and he saw her step on to the street and fall forward.

Mr. Riker testified that he was standing on the north side of Washington street and saw the accident; that there was a lady standing on the running board with her left hand on the handle hold; that she stepped off on the ground with her right foot before the car stopped, made a couple of steps, then let go and fell to the pavement; that the car was running slowly, ran from four to six feet and stopped.

Five witnesses claim to have seen the accident. Two of them (appellee and Durbin) said that appellee was in the act of alighting from the car when the conductor gave his signal for it to go ahead. Two of them

(the conductor and Riker) said that appellee attempted to step off while the car was in motion; while the fifth (Zeigler) testified that appellee got down off the car *after it had been stopped*. With these five witnesses giving three different versions of the identical subject-matter, who can say that the jury plainly erred in adopting the theory they did or that they clearly failed to properly weigh the evidence.

The jurors were better equipped than we are to determine from all they heard and saw upon the trial, from the conduct and demeanor of the witnesses upon the stand, what testimony they would believe, what witnesses, if any, were worthy of credit and what ones, if any, had been impeached or were unworthy of belief.

The issue was purely one of fact. The province of the jury was to determine that issue, and we do not think the verdict is so clearly against the weight of the evidence as to warrant a reversal.

The judgment is affirmed.

*Affirmed.*