**Ben M. Kirlin, Appellee, v. William B. Chittenden, Appellant.**

1. AUTOMOBILES—*frightening team*. Where plaintiff's witnesses testified that an automobile driven by defendant at a speed of eight to ten miles an hour, when overtaking, and three to four feet alongside of a team of horses, started "chugging" and frightened them into a run-a-way, resulting in one of the horses being killed, and the defendant and a number of witnesses testified that the car was run at a low rate of speed, that it was not making any noise, that it had not caught up with the team at the time of the accident and that the team was frightened and excited while the car was seventy-five feet away, *held*, that if the evidence on behalf of plaintiff stood

alone, it would be sufficient to support the verdict for damages rendered, and that where there is such a sharp conflict in evidence, a determination thereof depends on the credibility of witnesses and the weight to be given to their testimony, and this court will not interfere with the judgment entered.

2. APPEALS AND ERRORS—*when verdict against weight of evidence is not set aside.* A verdict will not be set aside when there is a contrariety of evidence and the facts and circumstances, by a fair and reasonable intendment, will authorize the verdict returned, notwithstanding it may appear to be against the strength and weight of the evidence, nor when the evidence of the successful party, when considered by itself, is clearly sufficient to sustain the finding.

Appeal from the Circuit Court of Sangamon county; the HON. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

F. L. HATCH, G. B. GILLESPIE and A. M. FITZGERALD, for appellant.

GRAHAM & GRAHAM, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action on the case, begun in the Sangamon County Circuit Court, by the appellee against the appellant. The declaration consisted of three counts, charging negligence in operating an automobile on the public streets of the City of Springfield, by fast driving, unnecessary and unusual noises, and by driving nearer to the team of horses of the appellee than necessary, and thereby causing the team to run off, one of the horses to be killed and damage to the carriage and harness. The plea of the general issue was filed, and the cause was heard by a court and jury and a judgment was entered against the appellant in the sum of one hundred and twenty-five dollars, from which judgment this appeal was perfected, bringing the record before us for review.

The only question presented by the briefs of counsel for appellant is one of fact, i. e., that the verdict is manifestly against the weight of the evidence.

We, therefore, must look to the evidence in determining the rights of the parties in interest in this suit, and apply thereto the established rules of law.

A verdict will not be set aside when there is a contrariety of evidence, and the facts and circumstances, by a fair and reasonable intendment, will authorize the verdict returned, notwithstanding it may appear to be against the strength and weight of the evidence; nor when the evidence of the successful party, when considered by itself, is clearly sufficient to sustain the finding. Shevalier v. Seager, 121 Ill. 564.

The rule as here stated seems to be well settled and recognized in the following cases: Rackley v. Rackley, 151 Ill. 332; Illinois Life Ins. Co. v. Lindley, 110 Ill. App. 161; Springfield Consol. R. Co. v. Keiser, 130 Ill. App. 56.

On the morning of the 30th day of September, 1910, the appellant, while on his way from Springfield to the State Fair Grounds, drove his automobile up and across various streets until he reached Peoria Road. There he overtook a procession of six or eight carriages on their way to a funeral, and, it is claimed by appellee, that appellant was driving at a high and dangerous rate of speed, and that his automobile was making unnecessary, loud and unusual noises by "chugging" and by means thereof frightened his team and caused them to run away. Mr. Gum, a witness introduced on behalf of the appellee, was driving the team at the time in question, and had proceeded on his way on Peoria Road until he was near Percy Avenue. This witness was an experienced driver used to driving and handling the team in question. The road over which Mr. Gum was driving had two street car tracks, and on the east track street cars were running in rapid succession, at a distance of about one-half block apart, carrying passengers to the fair ground. On the west side of the track, at the point of the alleged accident, was one of the carriages in the procession, going north, and coming south was a high-wheeled delivery

motor or truck. The remainder of the procession of carriages was on the east side of the car track. At this point Mr. Gum testified that he heard a "chugging" noise approaching from the rear and he looked back and saw the appellant coming in his automobile at the rate of eight or ten miles an hour; that his team was not scared until the automobile came almost opposite them, and within three or four feet of them; that the team then started to run and he could not hold them; that they ran away, struck a telephone pole and broke it down and one of the horses was killed.

Al. Rineker, another of the carriage drivers, testified that he saw the team when it became frightened, but was too far away to hear the automobile or Mr. Gum, but that the automobile was about even with the team when it started to run.

William E. Therien testified that he was driving one of the carriages in the procession and was on the first carriage ahead of Gum, on the opposite side of the street car tracks, about two carriage lengths ahead of Gum; that he first noticed the automobile when the team driven by Gum started to run, and that the automobile was then about opposite Gum's team; that the automobile started "chugging" just alongside the team.

The appellant presented a number of witnesses who testified, in substance, that they did not hear the "chugging" noise, and that the automobile was running at a low rate of speed. The appellant, a Mr. Myers and his son, all testified that the automobile was running slow and was not making any noise; that they noticed the team was frightened while they were seventy-five feet away and that they had not caught up with the team at the time of the accident. Other witnesses testified that the team was excited before the accident and while the automobile was at a considerable distance back of the carriage.

The rule heretofore stated is well established by a long line of well-considered cases. Under that rule

it must be admitted that if the evidence on behalf of the appellee stood alone it would be sufficient to support the verdict of the jury rendered in this case. Or, if considered under the rule announced in Rackley v. Rackley, *supra,* that where there is such a sharp conflict in the evidence that a determination thereof depends upon the credibility of the witnesses and the weight to be given to their testimony, the court should not interfere, we cannot see anything in the evidence in this case to justify us in reversing the judgment of the trial court. This is especially true where there is no complaint as to the action of the court below in its rulings upon the admission or exclusion of the testimony, or its rulings upon the instructions.

Under the evidence in this case and the rules of law applicable thereto, we see no error in the record, and the judgment is therefore affirmed.

*Affirmed.*