## Maud Wentworth, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 23,315.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. THEO-
DORE BRENTANO, Judge, presiding. Heard in the Branch Appellate
Court at the March term, 1917. Reversed with finding of facts.
Opinion filed March 13, 1918.

### Statement of the Case.

Action by Maud Wentworth, plaintiff, against Chi-
cago City Railway Company, defendant, to recover
damages for personal injuries sustained while plain-
tiff was attempting to board one of defendant's street
cars. From a judgment for plaintiff for $500, defend-
ant appeals.

WILLIAM H. SYMMES and FRANK L. KRIETE, for ap-
pellant; J. R. GUILLIAMS and WARNER H. ROBINSON,
of counsel.

WILLIAM GILLESPIE, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the
court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1411*—*when verdict based on conflicting
evidence not disturbed.* Where the evidence is conflicting and
that of the plaintiff when taken alone is sufficient to support the
verdict, the verdict will not be set aside and the judgment re-
versed although the testimony of the plaintiff may be the only
evidence supporting the verdict, and there may be the testimony
of several witnesses contradicting that of the plaintiff, except

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

Wentworth v. Chicago City Ry. Co., 210 Ill. App. 116.

where a careful examination of the record leads to the conclusion that the verdict and judgment are clearly against the manifest weight of the evidence.

2. EVIDENCE, § 475*—*when preponderance of is with defendant.* The preponderance of the evidence *held* to be clearly against the plaintiff and in favor of the defendant, where plaintiff was the only witness in her behalf and her testimony was unconvincing and uncorroborated, and the testimony on behalf of the defendant was clear and convincing and uncontradictory.

3. DAMAGES, § 240*—*when verdict is based upon sympathy of jury.* Where plaintiff alleged damages for injuries, claimed to have been caused by defendant's negligence, at $5,000, and the injuries were severe and painful and such as to entitle her to substantial damages, and plaintiff was a woman 50 years of age, practically alone in the world, and dependent upon herself for a living, and the preponderance of the evidence was clearly against her and in favor of defendant, *held* that a verdict of $500 indicated that the jury were moved to find in her favor and give such damages because of sympathy for her.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.