## Rebecca Woodruff, Appellee, v. Mutual Life Insurance Company of New York, Appellant.

INSURANCE—*when plea in action on life policy raises question for jury.* In an action upon a life insurance policy which provided that it was not to take effect unless the first premium was paid during the continuance of insured in good health and unless the policy was delivered and received by the insured during his continuance in good health, a plea which alleged that, on the date of application and of delivery of the policy to insured and at all times thereafter during his lifetime, the insured was diseased and afflicted with indigestion and other illness resulting therefrom, and that he finally died from such affliction, was sufficient to raise a question for the jury, and it was error to sustain a demurrer thereto.

Appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the April term, 1921. Reversed and remanded with directions. Opinion filed October 25, 1921.

WILLIAM and BARRY MUMFORD, for appellant; WINSTON, STRAWN & SHAW, of counsel.

W. E. WILLIAMS and A. CLAY WILLIAMS, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case the appellee, Rebecca Woodruff, as beneficiary of a life insurance policy taken out on the life of Carl R. Woodruff, sued the appellant, Mutual Life Insurance Company of New York, in assumpsit, to recover the amount of the policy. The appellant filed the general issue and eight special pleas in defense of the suit. The appellee demurred to the special pleas, but the court overruled the demurrer to all the special pleas except the third and fourth, to which a demurrer was sustained. The third and fourth special pleas were thereupon amended by leave of court. The amended fourth plea was again demurred to, and the demurrer was sustained. The appellant stood by the plea, and issue was joined on the other pleas. The case proceeded to trial, which resulted in a verdict and judgment in favor of the appellee for $2,000. An appeal is now prosecuted from the judgment.

One of the errors assigned and argued is the sustaining of the demurrer to the amended fourth plea. We are of opinion that the amended fourth plea presented an issue which the appellant had a right to have submitted to the jury. The contract of insurance between the insured and the appellant provides that the policy was not to take effect unless the first premium were paid during the continuance in good health of the insured, and unless the policy shall have been delivered and received by the insured during his continuance in good health. The plea alleges that on the date the insured made application for the policy and on the date of the delivery of the policy to him, and at all times thereafter, and during his lifetime, the insured was diseased and afflicted with indigestion and other illness resulting therefrom, and that he finally died from this affliction. While it is true, as a matter of law, that the condition referred to in the policy would not be considered as having been broken unless the illness or disease which afflicted the insured was so serious in character as to permanently impair his constitution and

render the risk unusually hazardous on that account (*Illinois Masons' Benevolent Society v. Winthrop*, 85 Ill. 539; *Illinois Life Ins. Co. v. Lindley*, 110 Ill. App. 161), we are of opinion that the allegations of the plea meet this requirement. It is alleged in the plea that the indigestion from which the insured was suffering continued and resulted in other illnesses and finally in his death. Counsel argue that it is a matter of common knowledge that a large number of men suffer from indigestion during a great portion of their lives, and yet live to an old age. This may be true concerning certain kinds of indigestion, but it is clear that the indigestion referred to in the plea was not of that character, but that it must have affected his general health and the continuance of life was thereby imperiled. *Illinois Life Ins. Co. v. Lindley, supra.* Whether the insured's affliction was of the character claimed by appellee's counsel, or of the character averred in the plea, was a matter concerning which an issue should have been made, and the evidence submitted to the jury. It presented a material question of fact, which bore directly upon the question of the appellee's right to recovery, and the court could not determine this question on demurrer. The issues referred to were not presented by any other plea, and the appellant was therefore deprived of his right to have it passed upon and determined by the jury.

For the reasons stated the judgment is reversed and the cause remanded with directions to overrule the demurrer to the amended fourth plea.

*Reversed and remanded with directions.*